IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROOSEVELT HODGE, )<br>    ID #714426 )<br>        Petitioner, )<br>)<br>vs. )<br>)<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | No. 3:22-CV-625-B-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(a)*, received on January 14, 2022 (doc. 1), and transferred to this district on March 17, 2022 (doc. 6), should be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and **DENIED** with prejudice as barred by the statute of limitations.

## I.    BACKGROUND

Roosevelt Hodge (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction and sentence for capital murder in Cause No. F94-43113 in Dallas County, Texas. (*See* doc. 1 at 3.) The respondent is the Director of TDCJ-CID. (*See id.* at 1.)

On April 10, 1995, Petitioner was convicted of capital murder in the Criminal District Court No. 4 of Dallas County, Texas, and sentenced to life imprisonment. *See State v. Hodge*, No. F-9443113-TK (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex. Apr. 10, 1995). On February 6, 1997, the

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

conviction and sentence were affirmed on appeal. *See Hodge v. State*, 940 S.W.2d 316 (Tex. App.—Eastland Feb. 6, 1997, pet. ref'd). On June 11, 1997, the Texas Court of Criminal Appeals refused his petition for discretionary review. *See Hodge v. State*, No. PD-0323-97 (Tex. Crim. App. June 11, 1997). His state habeas application, received by the trial court on August 12, 2021, was denied without written order by the Texas Court of Criminal Appeals on September 29, 2021. *See Ex parte Hodge*, No. WR-93,105-01 (Tex. Crim. App. Sept. 29, 2021); *Ex parte Hodge*, No. W94-43113-K(A) (Crim Dist. Ct. No. 4, Dallas Cnty., Tex. Aug. 12, 2021).

In his § 2254 petition, Petitioner alleges lack of subject-matter jurisdiction by the trial court and ineffective assistance of trial counsel. (*See* doc. 1 at 1, 3-12.)

## II.   NATURE OF SUIT

Petitioner claims that he is filing this action under 28 U.S.C. § 2241. (*See* doc. 1 at 1-3.) He is expressly challenging his conviction in Cause No. F94-43113 and seeks immediate release from custody, however. (*See id.* at 3, 11.) Challenges to state convictions are governed by 28 U.S.C. § 2254. In addition, § 2241(c) provides that habeas relief is not available to a prisoner unless:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted. . .; or

(5) It is necessary to bring him into court to testify or for trial.

2

28 U.S.C. § 2241(c). Only the third paragraph appears to apply in this case. If Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States" for purposes of § 2241(c)(3), he is also in custody for purposes of § 2254. Because "a more specific provision controls a more general provision," this action falls under the more specific provision of § 2254 and is therefore construed as arising under that section. *Carmona v. Andrews,* 357 F.3d 535, 538 (5th Cir. 2004).

### III. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on September 9, 1997, after the expiration of the 90-day period to file a petition for a writ of certiorari with the Supreme Court following the refusal of his PDR by the Texas Court of Criminal Appeals. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("finality [is] established by the expiration of the ninety-day period to seek further review with the Supreme Court").  Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final.  Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, September 9, 1997.  Petitioner filed this habeas action over 24 years later.  His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling.

A.   **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's state habeas application was received by the trial court on August 12, 2021, almost 23 years after his limitations period expired on September 9, 1998. It therefore does not toll the limitations period under § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that habeas application filed in state court after expiration of the limitations period does not statutorily toll the limitations period).

**B.      Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner provides no basis for equitably tolling the limitations period, and he has therefore failed to meet his burden to show that he is entitled to equitable tolling.

**C.      Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations

under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

    Here, in alleging that his trial counsel was ineffective, Petitioner states that there were expert and other "facts available that were/is favorable in petitioners [sic] defense and could very much have shown his innocence." (doc. 1 at 10.) He also states, "Evidence was available and if fully developed by a [sic] Effective Defense Counsel would have proved petitioners [sic] innonce [sic], but was not used in his defense." (*Id.* at 11.) Liberally construing these allegations as a claim of actual innocence, Petitioner has not alleged any facts to show that any alleged evidence was not available at trial, and he has not shown that it is more likely than not that no rational fact-finder would have found him guilty beyond a reasonable doubt in light of that evidence. Further, the alleged evidence and proposed testimony he references does not support his claim of actual innocence. He is therefore not entitled to equitable tolling based on alleged actual innocence. His

§ 2254 petition should be denied as untimely.

## IV. RECOMMENDATION

The *Petition for Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(a)*, received on January 14, 2022 (doc. 1), should be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 22nd day of March, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE